2020 IL App (1st) 180019-U

No. 1-18-0019

Order filed September 30, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 07CR14528 |
| | ) | |
| DOMINIQUE BENTLEY, | ) | Honorable |
| | ) | Carl B. Boyd, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: We vacate the circuit court's dismissal of defendant's amended postconviction petition where the record does not affirmatively show that postconviction counsel complied with Rule 651(c) and we remand for further proceedings.

¶ 2    Defendant Dominique Bentley appeals from an order of the circuit court of Cook County granting the State's motion to dismiss his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILSC 5/122-1 *et seq.* (West 2014)). On appeal, he contends that his appointed postconviction counsel did not provide reasonable assistance under Illinois Supreme Court Rule

651(c) (eff. July 1, 2017) where counsel failed to file a certificate indicating her compliance with the Rule and the record did not affirmatively show that counsel consulted with defendant to ascertain his contentions of deprivation of constitutional rights. Defendant asserts that postconviction counsel's failure to include in the amended petition meritorious claims raised in defendant's *pro se* petition demonstrates counsel's failure to consult with defendant in violation of Rule 651(c). For the reasons that follow, we reverse the judgment of the circuit court and remand for further postconviction proceedings.

¶ 3                                          I. BACKGROUND

¶ 4                                               A. Trial

¶ 5      A full recitation of the facts from defendant's trial can be found in this court's order on defendant's direct appeal. *People v. Bentley*, 2012 IL App (1st) 102807-U (unpublished order under Supreme Court Rule 23). As relevant here, following a jury trial, defendant was found guilty of the first degree murder of Shane Bramwell, then sentenced to 40 years' imprisonment. The evidence presented at defendant's trial showed that on June 12, 2007, defendant, then 15 years old, was with Trinee Gaston, Keturah Lee, Jimmy Brooks, Marissa Mayfield, and Joseph Walker at Walker's house. Mayfield received a phone call from Bramwell and told defendant and Walker that Bramwell was someone whom they could rob. Defendant responded that he hoped Bramwell had money and that he was "fixing to rob him." Brooks gave defendant a "laser site" gun, and defendant and Brooks went outside where they saw Bramwell sitting in his vehicle.

¶ 6      Gaston and Mayfield spoke to Bramwell through the passenger-side window of his vehicle while defendant walked up to the driver-side window with the gun and shot Bramwell. Defendant gave the gun back to Brooks and left the black jacket he was wearing at Walker's house. When police arrived on the scene, they found Bramwell dead in his vehicle and recovered defendant's

black jacket. The jacket tested positive for gunshot residue. The jury found defendant guilty of first degree murder, but found that the State had not proved beyond a reasonable doubt that defendant had personally discharged a firearm that proximately caused Bramwell's death. This court affirmed defendant's conviction and sentence on direct appeal over defendant's contentions that the automatic transfer provision of the Juvenile Court Act (705 ILCS 405/5-130 (West 2006)) was unconstitutional and that his sentence was excessive. *Bentley*, 2012 IL App (1st) 102807-U (unpublished order under Supreme Court Rule 23).

¶ 7                                B. Postconviction Proceedings

¶ 8      In July 2013, defendant filed a *pro se* petition for relief under the Act.[1] In his petition, defendant raised four claims. In his first argument, defendant raised a claim for ineffective assistance of trial counsel. Defendant contended that the family of his co-defendant, Brooks, had hired a private investigator. Defendant contended that during the trial, his mother learned that the private investigator obtained a statement from Gaston, who testified on behalf of the State, recanting her testimony from defendant's trial. Defendant asserted that his mother asked his trial attorney to speak with Brooks, his family, and Gaston, but trial counsel failed to do so. In his second argument, defendant similarly argued that his trial counsel was ineffective in failing to investigate or interview "several key witnesses." Defendant contended that these witnesses could have testified to Gaston's "recants" and the same version of events Gaston provided in her recant statement. Defendant did not identify any of the "key witnesses" or detail what their testimony would show. In his third argument, defendant contended that he was denied due process because

---

[1]Defendant's petition was titled "Relief from Judgment Post Conviction Petition," and was brought pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)) and the Act, but the circuit court considered the petition solely as a petition under the Act.

the court improperly provided the jury with an instruction on accountability despite the fact that he was not charged on an accountability basis in the indictment. Finally, in his fourth argument,[2] defendant contended that he was denied his sixth amendment rights where his trial counsel failed to explain his right to testify on his own behalf.

¶ 9 Defendant's petition was docketed for second-stage proceedings and counsel was appointed to represent him. Defendant's postconviction counsel filed an amended petition in which she raised two contentions: (1) that defendant's trial counsel was ineffective for failing to request a fitness evaluation for defendant and in failing to advise the court of defendant's mental and intellectual abilities and (2) that defendant's sentence did not comply with the juvenile sentencing mandates of *Miller v. Alabama*, 567 U.S. 460 (2012). The amended petition did not reference the four arguments defendant raised in his *pro se* petition.

¶ 10 In support of the first contention concerning defendant's fitness, postconviction counsel asserted that defendant was diagnosed as a preteen with an intellectual and learning disability. Postconviction counsel asserted that defendant's mother and grandmother informed defendant's trial counsel about his mental condition, but trial counsel failed to inform the trial court or request a fitness evaluation to determine whether defendant could assist in trial or could understand the proceedings. Postconviction counsel attached to the petition exhibits from the social security administration showing that in 2009 defendant was receiving Supplemental Security Income (SSI) based on his "primary disability diagnosis of Intellectual Disorder with a secondary disability diagnosis of Learning Disorder." Additional documents addressed to defendant's mother indicated

---

[2]This argument is labeled with a roman numeral "III" in defendant's *pro se* petition; however, there is another, unlabeled argument, that appears in the petition in between this argument and the argument labeled with a roman numeral "II." Accordingly, this appears to be defendant's fourth argument in his petition despite the labelling irregularities.

that defendant received SSI payments from January 2008 through December 2014. The documents further provided that defendant "became disabled" on December 1, 2000.

¶ 11     The State filed a motion to dismiss defendant's amended petition in which it contended that defendant failed to satisfy the *Strickland* standard in his claim for ineffective assistance of trial counsel for failing to request a fitness evaluation. The State further contended that defendant's claim under *Miller* was barred by *res judicata*, and that, in any event, his 40-year sentence did not represent a *de facto* life sentence under *Miller* precedent.

¶ 12     In ruling on the State's motion, the court found that the amended petition lacked any medical opinion on the issue of defendant's fitness and noted that the records from the Social Security Administration did not indicate that defendant was unable to understand the proceedings and assist in his defense. The court observed that the trial record did not indicate any irrational behavior or lack of understanding by defendant. With regard to defendant's claim under *Miller*, the court found that defendant's 40-year sentence was not a *de facto* life sentence and therefore did not violate *Miller*. The court therefore granted the State's motion to dismiss the amended petition. This appeal follows.

¶ 13                               II. ANALYSIS

¶ 14     On appeal, defendant contends that the court erred in dismissing his petition where the record shows that his postconviction counsel did not provide reasonable assistance because counsel failed to comply with Rule 651(c). Defendant asserts that his counsel failed to file a certificate certifying her compliance with Rule 651(c) and there is insufficient evidence in the record to show that counsel complied with the Rule where there is no evidence that his counsel consulted with him regarding his contentions. Defendant contends that counsel did not include any of the four original allegations in his *pro se* postconviction petition in the amended petition and

there was no evidence counsel attempted to verify or corroborate the claims raised in his *pro se* petition. Defendant asserts that we should therefore remand his cause for further second stage proceedings so that he may be appointed new counsel who could adequately state his claims.

¶ 15                                  A. Rule 651(c)

¶ 16    In analyzing a defendant's claim pursuant to Rule 651(c), it is important to consider how Rule 651(c) fits into the framework of the Act. The Act provides a three-stage mechanism by which a criminal defendant may assert that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2014); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). At the first stage of proceedings, the defendant is required to set forth only the "gist" of a constitutional claim, and the circuit court may summarily dismiss the petition if it finds that the petition is frivolous or patently without merit, *i.e.*, that it has no arguable basis in law or fact. *People v. Hodges*, 234 Ill. 2d 1, 9, 16 (2009). If the petition is not dismissed at the first stage, the circuit court must docket it for further consideration. 725 ILCS 5/122-2.1(b) (West 2014).

¶ 17    At the second stage of postconviction proceedings, an indigent petitioner is entitled to appointed counsel. 725 ILCS 5/122-4 (West 2014). As the right to counsel under the Act is wholly statutory, the petitioner is entitled only to the level of assistance provided by the Act. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007) (citing *People v. Lander*, 215 Ill. 2d 577, 583 (2005)). "The Act provides for a 'reasonable' level of assistance." *Perkins*, 229 Ill. 2d at 42 (quoting *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006)). Supreme Court Rule 651(c) imposes specific duties on postconviction counsel to assure the reasonable level of assistance required by the Act. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). Under Rule 651(c), counsel must: "(1) consult with the petitioner either by mail[, by electronic means,] or in person to ascertain the contentions of deprivation of constitutional rights; (2) examine the record of the trial court proceedings; and (3)

make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions." *Perkins*, 229 Ill. 2d at 42; Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Counsel may demonstrate compliance with the rule by either filing a certificate indicating compliance or by demonstrating on the record that counsel complied with the rule. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18.

¶ 18    The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel provided reasonable assistance. *Id.* Although counsel's compliance with the duties set out in Rule 651(c) is mandatory, counsel's failure to file a certificate to that effect is harmless error where the record affirmatively shows that counsel adequately fulfilled his duties as postconviction counsel. *People v. Johnson*, 154 Ill. 2d 227, 238 (1993) (citing *People v. Szabo*, 144 Ill. 2d 525 (1991)). Furthermore, our supreme court does not require strict compliance with the responsibilities of Rule 651(c) and has found "substantial compliance" with the rule to be sufficient. *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008) (citing *People v. Wright*, 149 Ill. 2d 36, 63 (1992)). We review an attorney's compliance with a supreme court rule and the dismissal of a postconviction petition at the second stage under a *de novo* standard review. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 19                    B. The Record Does Not Affirmatively Show
                          That Counsel Complied with Rule 651(c)

¶ 20    In this case, postconviction counsel did not file a certificate pursuant to Rule 651(c) showing that she fulfilled her duties as required by that rule. As such, there is no presumption that she provided reasonable assistance and the record must affirmatively show that she complied with the rule. Defendant contends that the record does not affirmatively show that counsel complied with the rule because the record does not show that counsel consulted with defendant to ascertain

his contentions of deprivation of constitutional rights. In support of that contention, defendant points out that none of the four allegations he raised in his original *pro se* petition appeared in counsel's amended petition. Defendant primarily focuses on counsel's failure to include the first allegation from the *pro se* petition, in which defendant contended that his trial counsel was ineffective in failing to interview Gaston or Brooks' private investigator concerning Gaston's recantation of her trial testimony. Defendant maintains that counsel's failure to comply with Rule 651(c) was not harmless where his *pro se* petition "disappeared" once counsel was appointed.

¶ 21    We agree with defendant that the record does not affirmatively show that counsel complied with Rule 651(c). The record shows that counsel was present in court for status hearings on several separate dates. At the first status hearing, counsel represented that this was a new appointment and she had received all of the transcripts. At a subsequent status hearing, counsel stated that she "had the opportunity to read the transcript and speak with" defendant. She further represented that she was in the "process of gathering affidavits" and planned to file her Rule 651(c) certificate and the amended petition on the next court date. At the next three court dates, counsel represented that she was waiting for some documents and would then file her Rule 651(c) certificate and the amended petition. Counsel never filed a Rule 651(c) certificate and there is no other evidence in the record of her consultations with defendant. Thus, the only indication in the record that counsel consulted with defendant was her single oral representation at one of the first status hearings after the petition was docketed that she "had the opportunity" to speak with defendant. This is not the same as an affirmative showing that counsel consulted with defendant to "ascertain [his] contentions of deprivation of constitutional rights." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 22    We find the circumstances in this case strikingly similar to those present in *People v. Komes*, 2011 IL App (2d) 100014, cited by defendant. In *Komes*, the defendant filed a

postconviction petition alleging, among other things, ineffective assistance of his trial counsel for failure to seek further evaluation of his mental status. *Komes*, 2011 IL App (2d) 100014, ¶ 7. The circuit court docketed the defendant's petition for second-stage proceedings and appointed counsel to represent him. *Id.* ¶ 10. Three different attorneys from the public defender's office appeared on the defendant's behalf throughout the postconviction proceedings. *Id.* ¶¶ 11, 12, 15, 16. After no amended petition was filed, the State moved to dismiss the petition. *Id.* ¶ 19. While that motion was pending, one of the public defenders who had represented the defendant, Courtney Emerson, filed a motion to withdraw as postconviction counsel. *Id.* ¶ 20. Emerson alleged that she had reviewed the record and found no meritorious issues and that she had sent the defendant a letter in which she informed him of her opinion. *Id.*

¶ 23    In the memorandum attached to the motion, Emerson acknowledged that she did not file a Rule 651(c) certificate, but argued that the record showed that she had complied with the rule. *Id.* ¶ 21. Emerson noted that the defendant was in court with "counsel" on several court dates and "counsel" spoke with the defendant regarding his case following his court appearances. *Id.* She asserted that she had reviewed the record and the defendant's *pro se* petition and determined that the *pro se* petition was sufficient. *Id.* In introducing the motion to the trial court, Emerson stated that she had spoken with the defendant regarding some of the issues he wanted addressed and reviewed the case file. *Id.* ¶ 25. The court granted the motion to withdraw and subsequently granted the State's motion to dismiss. *Id.* ¶¶ 25-26.

¶ 24    On appeal, this court determined that counsel's motion to withdraw did not meet the standards for such a motion as outlined by the supreme court in *People v. Greer*, 212 Ill. 2d 192 (2004). *Id.* ¶ 28. The *Komes* court noted that *Greer* requires a postconviction counsel's motion to withdraw to explain why all of the petitioner's claims are frivolous. *Id.* ¶ 29. The court noted,

however, that counsel may be absolved of this requirement "[i]f the record shows that counsel did everything required of him or her under Rule 651(c) *and* that all the claims in the original petition were patently without merit ***." (Emphasis in original). *Id.* ¶ 30. The court determined that Emerson's discussion of her Rule 651(c) compliance in the motion to withdraw was "unreliable." *Id.* ¶ 35. The court noted that multiple attorneys from the public defender's office appeared on defendant's behalf, but the motion to withdraw did not distinguish among them. *Id.* ¶ 35. The court found that the motion therefore misstated the record because it did not show that Emerson herself, rather than a different attorney from the public defender's office, ever spoke with defendant. *Id.* The court observed that the only indication in the record that Emerson spoke with defendant was her oral representation in introducing her motion to withdraw where she stated that she spoke with the defendant. *Id.* The court noted that one of the other attorneys from the public defender's office informed the court of his consultations with defendant, but there was nothing in the record to suggest that he gave records of those consultations to Emerson. *Id.* The court therefore found that the record lacked evidence of Emerson's compliance with Rule 651(c) and vacated the circuit court's grant of the motion to withdraw and the dismissal of the petition. *Id.* ¶ 36.

¶ 25    Here, as in *Komes*, the only evidence that defendant's postconviction counsel consulted with him was a single oral representation that she had spoken to defendant. Counsel did not state that she discussed defendant's contentions with him or provide any record of their conversations. Defendant was not even present in court with counsel when she made this representation. In addition, the defendant in *Komes* asserted that his counsel had failed to develop his claim of actual innocence. *Id.* ¶ 34. The *Komes* court noted that "[c]ounsel can know if a claim requires further development only if he or she has discussed that specific claim with the petitioner." The court explained that counsel must investigate defendant's claims and determine whether they have merit.

*Id.* Counsel in this case simply failed to make such a showing. Instead, she merely omitted the four claims defendant raised in his *pro se* petition from the amended petition. There is no indication in the record that counsel investigated those claims and found them lacking merit or that she even spoke to defendant about his claims or the claims raised in the amended petition. Counsel did represent that she had obtained some information from defendant's mother and grandmother, but this is simply not the same as an affirmative showing that she consulted with defendant himself. Although the State is correct that Rule 651(c) does not require postconviction counsel to "bolster[] every claim presented in a petitioner's *pro se* postconviction petition, regardless of its legal merit, or present[] each and every witness or shred of evidence the petitioner believes could potentially support his position" (*People v. Custer*, 2019 IL 123339, ¶ 38), the rule does require postconviction counsel to "investigate and properly present the petitioner's claims" (emphasis omitted) (*Pendleton*, 223 Ill. 2d at 475). Here, there is simply no evidence that counsel investigated defendant's claims before omitting them from the amended petition. In short, counsel's single representation that she had spoken to defendant is "simply not equivalent to a representation that she 'consulted with petitioner *** to ascertain his *contentions* of deprivation of constitutional rights.' " (Emphasis in original.) *Komes*, 2011 IL App (2d) 100014, ¶ 35 (quoting Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984), now Ill. S. Ct. R. 651(c) (eff. July 1, 2017)).

¶ 26    Because the record does not affirmatively show that counsel complied with Rule 651(c), we cannot affirm the court's dismissal of the petition. *Komes*, 2011 IL App (2d) 100014, ¶ 36. We therefore vacate the circuit court's dismissal of the petition, and remand for further postconviction proceedings.

¶ 27                                III. CONCLUSION

¶ 28    For the reasons stated, we vacate circuit court's dismissal of the petition and remand for further postconviction proceedings.

¶ 29    Reversed and remanded.