2022 IL App (2d) 210044-U
No. 2-21-0044
Order filed May 26, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-44 |
| RUSSELL A. FREY, | ) ) ) | Honorable Jacquelyn D. Ackert, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In postconviction proceeding, the trial court erred in granting counsel's motion to withdraw where counsel failed to ascertain one of defendant's *pro se* contentions; therefore, we vacate the orders allowing the withdrawal and dismissing the petition, and we remand for the appointment of new postconviction counsel.

¶ 2    Defendant, Russell A. Frey, was convicted of three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2010)). He appeals from the denial of his *pro se* petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). He contends that the trial court erred by granting his appointed counsel's motion to withdraw where counsel failed to consider all of the issues raised in the *pro se* petition. Because

counsel failed to comply with the mandate of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) that counsel "ascertain [the defendant's] contentions of deprivation of constitutional rights," we (1) vacate the orders allowing counsel to withdraw and dismissing the petition, and (2) remand with directions.

¶ 3                                I. BACKGROUND

¶ 4     In March 2012, the State charged defendant with committing three acts of penetration on his 12-year-old daughter, S.T., when he was 35.  In March 2015, the court held a jury trial.

¶ 5     The trial transcript reflected that the jury retired to deliberate at about 4 p.m.  About two hours later, the jury sent a note inquiring whether the burden of proof required physical evidence. With the consent of both parties, the trial court responded: "[y]ou are [t]o decide this case based on all the evidence you have seen and heard together with the instructions I have given you." Shortly before 10 p.m., the bailiff notified the court that the jury had reached a verdict.  The court individually polled the jurors as to whether the verdict represented their own verdict, and each of them confirmed the verdict.

¶ 6     The court denied defendant's motion for a new trial and sentenced him to an aggregate term of 50 years' incarceration.  Defendant appealed, and we affirmed.  *People v. Frey*, 2018 IL App (2d) 150868-U.  Defendant did not raise any jury issues in his appeal, but we remarked in a footnote that the record contained a second note, apparently written by the jury, which read, "Please advise—We have 10 guilty (all 3 counts) 2 not guilty all 3 counts.  The 2 not guilty are firm that the State did not prove guilt on all these counts."  We commented that the transcript contained no mention of the note and that there was no explanation for its presence in the common -law record.  *Id.* ¶ 63 n.2.  We noted our difficulty in determining what weight we should place on the second jury note, and we presumed that the trial court's failure to address it on the record meant

that the jury ultimately chose not to send it. We found that presumption reasonable because the trial court took "great pains" to properly address the jury's note about physical evidence. *Id.*

¶ 7 On December 5, 2019, defendant filed a *pro se* postconviction petition alleging that his sentence was unconstitutionally excessive and that his trial and appellate counsels were ineffective in multiple respects. At the end of his ineffective-assistance allegations, he also wrote: "The initial jury could not agree on a guilty verdict in this case, yet the Judge told them they could not leave that night unless they all agreed on something, being outnumbered and pressured they took the defendants freedom!" Defendant followed this allegation with a claim that his sentence was unconstitutional. Defendant's signature does not appear on the final page of argument. The next page of the record is entitled "Motion for Appointment of Counsel." The motion runs onto the next page, where defendant's signature appears. He swears "that the [f]acts stated in this [p]etition are true and correct in substance and in fact." The next page of the record is entitled "Newly Discovered Evidence," the body of which states:

> "On July 25, 2019[,] Roxanne Shaffer made a Sworn Affidavit on behalf of the defendant which is [claiming] a violation of the defendant[']s right to due process by forcing the jury to come to a unanimous verdict or they were not allowed to leave that night despite a 10-2 Verdict! Failure of trial counsel to fully depose all witnesses also adds this to the claim for ineffective assistance of trial counsel."

This page also bears defendant's signature; he again swears "that the facts stated in this petition are true and correct in substance and in fact."

¶ 8 The next page in the record is Shaffer's affidavit, in which she averred as follows. She is defendant's sister. At approximately 9:00 p.m. on the day of deliberations, the jury sent the second note. She averred that the jury asked the court to release them for the night and have them continue

their deliberation the next day. The court denied the request, stating that it had a murder trial starting the next day and did not want to postpone it. "Within half an hour to forty-five minutes, the jury came back with a guilty verdict," which "took away [defendant's] right of due process."

¶ 9 On May 13, 2020, the trial court issued an order recognizing that the petition had advanced by default to the second stage because the court had failed to act on it within 90 days. Accordingly, the trial court appointed counsel.

¶ 10 On October 1, 2020, postconviction counsel filed a motion to withdraw under *People v. Kuehner*, 2015 IL 117695. Counsel's motion represented that all of defendant's *pro se* claims concerned either ineffective assistance or sentencing. Counsel then listed defendant's ineffective assistance and sentencing claims, explaining why each lacked merit. However, counsel did not mention defendant's claim concerning the second jury note, and nothing in the motion implied that counsel reviewed or even recognized the claim. Counsel attached a Rule 651(c) certificate to the motion.

¶ 11 At the motion hearing, counsel stated that he (1) reviewed the record and all of defendant's submissions and (2) reached out to potential witnesses. Counsel did not, however, specifically mention the second jury note or Shaffer's affidavit. Counsel concluded, "At the end of the day I would stand on my motion." Defendant objected to counsel's withdrawal. The court granted the motion, stating that it agreed with counsel.

¶ 12 The State moved to dismiss, adopting the reasoning of counsel's motion to withdraw. At the motion hearing, defendant stated that (1) he had asked his counsel to make some phone calls and that counsel never did so, and (2) counsel did not "do everything he could do to get me a not-guilty verdict." The court granted the motion to dismiss based on the reasoning of counsel's motion to withdraw. Defendant appeals.

¶ 13                                  II. ANALYSIS

¶ 14    Defendant argues that his postconviction counsel failed to provide reasonable assistance under Rule 651(c) by neglecting to address his claim concerning the second jury note. Thus, he claims that the trial court abused its discretion in allowing counsel to withdraw.

¶ 15    First, we note that the State contends that we lack jurisdiction for two reasons: (1) defendant failed to immediately appeal the order allowing postconviction counsel to withdraw and, (2) alternatively, his notice of appeal did not specify the trial court's order granting the motion to withdraw. The State is mistaken.

¶ 16    First, defendant had no option but to wait until the conclusion of the proceedings to pursue an appeal. "The procedure for an appeal in a post-conviction proceeding shall be in accordance with the rules governing criminal appeals." Ill. S. Ct. R. 651(d) (eff. July 1, 2017). Our jurisdiction of criminal appeals is limited to appeals from final judgments, unless otherwise provided by supreme court rule. See, *e.g.,* Ill. S. Ct. Rs. 604(e) through (g) (eff. July 1, 2017). Allowing a motion to withdraw as counsel does not dispose of a defendant's postconviction petition. See *People v. Jackson*, 2015 IL App (3d) 130575, ¶ 17 ("When the trial court grants a motion to withdraw, the court may appoint new counsel or allow the defendant to proceed *pro se*."). Here, there was no final order until the petition was dismissed.

¶ 17    Second, the notice of appeal encompassed the order allowing counsel to withdraw, even though defendant did not specify that order in his notice. "Our supreme court has explained that an appeal from a final judgment includes every previous ruling that represents a 'step in the procedural progression leading to the judgment specified' and every 'preliminary determination necessary to ultimate relief.' " *People v. Garcia*, 2015 IL App (1st) 131180, ¶ 68 (quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435-36 (1979)). Further, listing only the date of the

final judgment is sufficient as " '[t]here is nothing in the applicable rules of our supreme court suggesting that the notice of appeal must contain further specificity.' " *Id.* (quoting *In re Isaiah D.*, 2015 IL App (1st) 143507, ¶¶ 21-22). Accordingly, having jurisdiction, we proceed to the merits.

¶ 18    "The Act [citation] provides a procedural mechanism by which a criminal defendant can assert that his federal or state constitutional rights were substantially violated in his original trial." *People v. Moore*, 2018 IL App (2d) 170120, ¶ 31. "A postconviction proceeding is not a substitute for a direct appeal, but rather is a collateral attack on a prior conviction and sentence." *Id.* "For this reason, issues that were raised and decided on direct appeal are barred from consideration, by the doctrine of *res judicata*." *Id.* "Moreover, issues that could have been raised on direct appeal, but were not, are considered forfeited." *Id.* However, forfeiture principles are relaxed where the forfeiture stems from the ineffective assistance of appellate counsel. *Id.*

¶ 19    "The Act provides for a three-stage proceeding, and a defendant must satisfy the requirements of each before continuing to the next stage." *People v. Rosalez*, 2021 IL App (2d) 200086, ¶ 90. At the first stage, the trial court is afforded 90 days to review the petition without input from the State. *Id.* (citing 725 ILCS 5/122-2.1(a)(2) (West 2016)). "The petition must present the gist of a constitutional claim, and the petition will survive so long as it is not frivolous or patently without merit." *Id.* "At the first stage, the State is not permitted any input on the sufficiency of the petition." *Moore*, 2018 IL App (2d) 170120, ¶ 32. "If the trial court fails to act on the petition within 90 days, it proceeds to the second stage." *Id.* "Of course, in [this] instance, the petition may well be frivolous or patently without merit, and the defendant is appointed counsel only through the fortuity of the [trial] court's inaction." *People v. Greer*, 212 Ill. 2d 192, 204 (2004).

¶ 20    At the second stage, an indigent petitioner is entitled to the appointment of counsel.  725

ILCS 5/122-4 (West 2018).  The Act guarantees a petitioner the reasonable assistance of counsel.

*Greer*, 212 Ill. 2d at 204.  Rule 651(c) imposes specific duties on postconviction counsel to ensure

that counsel provides the requisite level of assistance.`  The rule provides:

> "The record filed in [the trial court] shall contain a showing, which may be made by the
>
> certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone,
>
> mail, electronic means or in person to ascertain his or her contentions of deprivation of
>
> constitutional rights, has examined the record of the proceedings at the trial, and has made
>
> any amendments to the petitions filed *pro se* that are necessary for an adequate presentation
>
> of petitioner's contentions."  Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 21    "If, after demonstrating compliance with Rule 651(c), appointed counsel determines that

the *pro se* petition is frivolous or patently without merit, appointed counsel may—and should—

move to withdraw from representation."  *Moore*, 2018 IL App (2d) 170120, ¶ 33.  The legislature

did not intend to require appointed counsel to continue representing a postconviction defendant

after determining that the petition is frivolous or patently without merit.  *Greer*, 212 Ill. 2d at 209.

The Act does not require the attorney to do so, and ethical obligation *prohibits* the attorney from

doing so.  *Id.*

¶ 22    Also, at the second stage, the State may answer the petition or move to dismiss it.  See 725

ILCS 5/122-5 (West 2018).  "To survive the second stage, the petition must make a substantial

showing of a constitutional violation."  *Moore*, 2018 IL App (2d) 170120, ¶ 34.  "The court must

accept as true all well-pleaded facts that are not positively rebutted by the record."  *Id.*  We review

*de novo* a second-stage dismissal.  *Id.*  We also review *de novo* counsel's compliance with Rule

651(c).  *Id.*

¶ 23    "[O]ur review of an order permitting postconviction counsel to withdraw differs depending on whether the *pro se* petition advanced to the second stage because the trial court deemed it potentially meritorious or instead because the trial court took no action on the petition within 90 days of its filing." *Id.* ¶ 35. "[I]f the petition advanced because the trial court found potential merit, then 'appointed counsel's motion to withdraw must contain at least some explanation as to why *all* of the claims set forth in that petition are so lacking in legal and factual support as to compel his or her withdrawal from the case.' (Emphasis added.)" *Id.* ¶ 35 (quoting *Kuehner*, 2015 IL 117695, ¶ 27). In *Kuehner*, our supreme court explained:

> "[A] request for leave to withdraw as counsel after a first-stage judicial determination that the *pro se* petition is neither frivolous nor patently without merit is an extraordinary request. The reason for this is that, in making such a determination and advancing the petition to the second stage, the trial court is granting the *pro se* defendant the first form of relief afforded by the Act, namely, the appointment of counsel to represent the defendant's interests going forward (725 ILCS 5/122-4 (West 2008)). A subsequent motion to withdraw is effectively an *ex post* request to deny the defendant that very relief, and it comes not from the State but from defendant's own counsel. Accordingly, we have no reservations about requiring appointed counsel to make the case in the motion to withdraw as to why the relief previously granted his or her client should be undone, and to make that case with respect to each and every *pro se* claim asserted." (Emphasis omitted). *Kuehner*, 2015 IL 117695, ¶ 22.

¶ 24    However, under *Greer*, when a petition advances due to the trial court's inaction, "judicial economy sometimes dictates affirming the grant of leave to withdraw even where the motion to withdraw is deficient." *Moore*, 2018 IL App (2d) 170120, ¶ 38 (citing *People v. Komes*, 2011 IL

App (2d) 100014, ¶ 30). If the original petition's claims were patently without merit, it serves no purpose to reverse a grant of a motion to withdraw merely because of insufficiencies in the motion. *Moore*, 2018 IL App (2d) 170120, ¶ 38; *Komes*, 2011 IL App (2d) 100014, ¶ 30.

¶ 25 In *Kuehner*, the defendant's petition advanced to the second stage after the court found it was not frivolous or patently without merit. However, the trial court later allowed appointed counsel to withdraw. Our supreme court determined that counsel's motion to withdraw was inadequate because it did not address the potential merit of all the claims in the *pro se* petition. *Kuehner*, 2015 IL 117695, ¶ 23. Thus, the court vacated the orders permitting counsel to withdraw and dismissing the petition and remanded for appointment of new postconviction counsel. *Id.* ¶ 27.

¶ 26 In *Moore*, the defendant's postconviction petition advanced to the second stage due to the trial court's inaction. We vacated the orders allowing appointed counsel to withdraw and dismissing the petition. We explained that the record indicated that appointed counsel failed to recognize one of the claims in the defendant's petition. Construing *Kuehner* and *Greer*, we held that, where appointed counsel is allowed to withdraw on a petition that automatically advanced to the second stage because of the trial court's inaction, we will uphold the withdrawal if (1) the record shows that counsel complied with Rule 651(c) and (2) the record demonstrates that the claims in the *pro se* petition were frivolous or patently without merit. *Moore*, 2018 IL App (2d) 170120, ¶ 38.

¶ 27 We construed *Greer* to hold that "even where the petition advances to the second stage through the trial court's inaction, appointed counsel's motion to withdraw must address the potential merit of all claims in the *pro se* petition." *Id.* ¶ 38. We noted that, even under *Greer*, judicial economy might warrant affirming the grant of a motion to withdraw despite counsel's

failure to explain why each of the petitioner's claims lacks potential merit. *Id.* However, "*Greer* was unequivocal that the reviewing court cannot relieve counsel of his or her duty under Rule 651(c) to *ascertain* the petitioner's claims." (Emphasis added.) *Id.* ¶ 43 (quoting *Greer*, 212 Ill. 2d at 212).

¶ 28 In *Moore*, counsel's Rule 651(c) certificate, her motion to withdraw, and her statements at the motion hearing showed that counsel purported to recapitulate the claims of the *pro se* petition as she understood them. Yet, counsel's motion failed to mention one of the *pro se* claims. We inferred that counsel simply overlooked the claim given the length and density of the *pro se* petition. Nonetheless, counsel was not excused from compliance with Rule 651(c)'s mandate that she ascertain the defendant's contentions of deprivation of constitutional rights. Thus, we held that " '[u]nless the record shows that counsel has, in fact, ascertained the petitioner's claims, we cannot assume that the claims are in their final form, and deciding their frivolity is likely to be premature.' " *Moore*, ¶ 42, (quoting *Komes*, 2011 IL App (2d) 100014, ¶ 32). We held that it would likewise be premature to review the claim's potential merit on appeal. We explained that harmless-error analysis does not apply to Rule 651(c) violations, as " 'compliance must be shown regardless of whether the claims made in the *pro se* or amended petition are viable' " *Id.* ¶ 44 (quoting *People v. Suarez*, 224 Ill. 2d 37, 52 (2007).

¶ 29 Here, *Moore* applies, as the record indicates that counsel failed to recognize defendant's due process claim based on the second jury note. While counsel generically stated that he reviewed the record and all that defendant filed, and reached out to potential witnesses, he also expressly stood on his written motion. That motion addressed in depth all of defendant's claims concerning ineffective assistance or sentencing. However, it *did not* mention the claim based on the second jury note or any of the circumstances surrounding the claim. Thus, as in *Moore*, we infer that

counsel overlooked that claim. Because the record does not show that counsel ascertained all of defendant's claims, we cannot assume that the claims are in their final form, making premature a determination of their potential merit. *Moore*, 2018, IL App (2d) 170120, ¶ 42 (citing *Komes*, 2011 IL App (2d) 100014, ¶ 32)

¶ 30 The State contends that, under *Kuehner* and *Greer*, when a petition advances to the second stage due to inaction of the trial court, the filing of a Rule 651(c) certificate is sufficient to raise a presumption that counsel complied with the rule. The State requests that we repudiate *Moore* to the extent that it holds otherwise. But we specifically addressed both *Kuehner* and *Greer* in *Moore*. In *Greer*, it appeared that counsel fulfilled his Rule 651(c) duties, and the record supported counsel's assessment that the postconviction claims were frivolous. *Greer*, 212 Ill. 2d at 212. In *Kuehner*, the petition advanced to the second stage because the trial court determined that it stated the gist of a constitutional claim; appointed counsel subsequently moved to withdraw but failed to address all of the defendant's claims. *Kuehner*, 2015 IL 117695, ¶ 23. We noted in *Moore* that *Kuehner* recognized that language in *Greer* engendered some confusion about whether a motion to withdraw is properly granted when it fails to provide an explanation as to why each claim in the *pro se* petition lacks merit. *Moore*, 2018, IL App (2d) 170120, ¶ 42. But we also noted that *Kuehne*r declined to resolve that tension because the case facts were so different. *Id.* ¶¶ 36-37.

¶ 31 *Moore* is not inconsistent with *Kuehner* and *Greer*. As previously discussed, in *Moore*, the record indicated that counsel did not recognize all of the defendant's *pro se* claims and, therefore, counsel did not comply with Rule 651(c). As *Moore* made clear, we will not presume compliance when the record suggests otherwise. Accordingly, we decline to repudiate *Moore*. For the same reasons, we deny the State's alternate request, made without any citation to authority, to

allow it "to take a petition for leave to appeal as [matter] of right to the Illinois Supreme Court to resolve the potentially inconsistent authority."

¶ 32    The State also suggests that defendant has forfeited the second-jury-note issue because the claim was not in the body of his *pro se* petition and, therefore, it did not rise to the level of a claim. But defendant's *pro se* petition clearly noted the issue under the section on ineffective assistance; moreover, the attached page entitled "Newly Discovered Evidence" expressly asserted a due process claim based on the second jury note. The trial court may dismiss a petition at the second stage of postconviction review if the allegations, when liberally construed in light of the trial court record, fail to make a substantial showing of a constitutional violation. *People v. Barkes*, 399 Ill. App. 3d 980, 985 (2010). Here the petition, liberally construed, asserted the claim, yet neither the parties nor the trial court considered it. Likewise, the State suggests forfeiture because defendant did not specifically raise the issue *pro se* at the hearing on the motion to dismiss. But the State has cited no authority for applying forfeiture in such a manner as to excuse an attorney's lack of compliance with Rule 651(c). Further, at the hearing, defendant noted that his counsel did not make requested phone calls and did not "do everything he could do to get [defendant] a not-guilty verdict." Such a complaint fairly encompassed the due process claim.

¶ 33    The State presents other grounds for finding that defendant forfeited his due-process claim, namely that (1) he failed to raise it on direct appeal, (2) it was barred by *laches*, and (3) it lacked merit. But, as we held in *Moore*, given counsel's apparent failure to discern the claim, we cannot deem it to have been in its final form when the trial court evaluated the potential merits of defendant's petition. Thus, it would be premature to address the claim's merits or whether forfeiture or *laches* applies. See *Moore*, 2018 IL App (2d) 170120, ¶ 44.

¶ 34    As in *Moore*, we vacate the orders permitting counsel to withdraw and dismissing the petition.   Given the circumstances, we grant defendant's request for a new court-appointed postconviction counsel.  " 'On remand, the [trial] court should not grant any motion to withdraw unless counsel documents Rule 651(c) compliance.' "  *Moore*, 2018 IL App (2d) 170120, ¶ 45 (quoting *Komes*, 2011 IL App (2d) 100014, ¶ 36).  Any motion by counsel to withdraw should demonstrate the frivolity of all defendant claims.  *Id.*

¶ 35                                III. CONCLUSION

¶ 36    For the reasons stated, we vacate the orders of the circuit court of Lee County permitting defendant's counsel to withdraw and dismissing defendant's *pro se* postconviction petition.  We remand for further proceedings as directed.

¶ 37    Vacated and remanded with directions.