**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200018-U

Order filed April 25, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0018 Circuit No. 15-CF-465 |
| ANTONIO T. COAXUM, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

[1]JUSTICE HETTEL delivered the judgment of the court.
Justice Peterson concurred with the judgment.
Justice Brennan specially concurred.

_____

**ORDER**

¶ 1    *Held*:   The second-stage dismissal of defendant's postconviction petition is reversed where retained counsel failed to comply with Illinois Supreme Court Rule 651(c), and the cause is remanded for further proceedings.

_____

[1] Justices Hettel, Brennan, and Peterson substituted for Justices Hauptman, Lytton, and Schmidt after oral argument and have read the briefs and listened to the recording of the oral argument.

¶ 2        Defendant, Antonio T. Coaxum, appeals the dismissal of his postconviction petition, alleging that the cause should be remanded for further second-stage proceedings where privately retained counsel failed to file a certificate pursuant to Illinois Supreme Court Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)) and failed to amend defendant's *pro se* petition. We reverse and remand with directions.

¶ 3                                     I. BACKGROUND

¶ 4        Following a jury trial, defendant was found guilty of armed robbery (720 ILCS 5/18-2(a)(2) (West 2014)) and unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)). The court sentenced defendant to concurrent terms of 22 years and 6 months' imprisonment for armed robbery and 5 years' imprisonment for unlawful possession of a weapon by a felon. Defendant's convictions were affirmed on direct appeal. *People v. Coaxum*, 2018 IL App (3d) 160069-U.

¶ 5        On June 20, 2016, defendant filed the *pro se* postconviction petition that is the subject of this appeal. In his petition, defendant alleged he had obtained newly discovered evidence that would demonstrate his actual innocence. Defendant explained that he had affixed to his petition supporting documentation in the form of an exculpatory affidavit that an eyewitness "attended a meeting with the chief of a violent, well-armed drug gang and the victim who articulated a plan to bait and kill [defendant]." Attached to defendant's petition were the affidavits of defendant, Michael Smith, Eugene Horton, Robert Cooley, and Brendin Duchesne.[2]

¶ 6        On June 21, 2017, the circuit court docketed the petition for second stage proceedings because more than 90 days had passed since the filing of the petition. At a status hearing on November 3, 2017, defendant indicated that his family had hired an attorney to represent him.

---

[2]The affidavits of defendant, Michael Smith, and Eugene Horton were unnotarized. The notarized affidavits of Robert Cooley and Brendin Duchesne were added to the petition on March 30, 2017, and September 19, 2018, respectively.

Privately retained counsel appeared for defendant on January 26, 2018, and the matter was continued.

¶ 7    At a hearing on October 5, 2018, privately retained counsel informed the court that he talked to defendant and that counsel believed the petition was inadequate. Counsel explained:

"I had a conversation with [defendant] from prison on August 28, and I pointed out he — some — that I could not do a 651(c) certificate, and I felt his petition was inadequate since he filed it pro se [*sic*]. And I thought I was going to dismiss it today, but then I just got handed this recently filed motion or inquiry, I guess, dated October 2nd, here. It was filed today. I just got handed a copy just minutes ago.

And I guess when the Court — I'm going to recommend he dismiss it. I told him I was, and he didn't seem to have any problem with it, but I'd like him to almost be present here when the Court rules on it dispositively. That's my recommendation: Dismiss it. Unless he's got some other idea that — after I talked to him on September 28th, this threw me for a loop as to why he filed this."

¶ 8    The court replied that counsel could not dismiss the petition on defendant's behalf. The State added that counsel either needed to file an amended petition and a Rule 651(c) certificate or file a motion to withdraw from the case. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Counsel indicated that he would file a motion to withdraw. The court then directed the State to file a motion addressing defendant's petition and indicated that defendant could respond to both the State's motion and defense counsel's motion to withdraw.

¶ 9    The State filed a motion to dismiss defendant's petition, arguing in part that the affidavits did not relate to newly discovered evidence. Defense counsel also filed a motion to withdraw, citing Rules 1.16(b)(1)(D) and 1.16(b)(1)(F) of the Illinois Rules of Professional Conduct (Ill. R.

3

Prof'l Conduct (2006) R. 1.16(b)(1)(D) and 1.16(b)(1)(F) (eff. May 24, 2006)). Counsel averred that he wished to withdraw because defendant failed to pay his legal fees and engaged in conduct that rendered counsel's representation difficult.

¶ 10    On December 31, 2018, defendant filed a letter with the court, inquiring as to what steps he could take to obtain the assistance of the public defender. On January 10, 2019, defendant filed a motion for the appointment of the public defender, alleging he was indigent.

¶ 11    The court conducted a hearing on retained counsel's motion to withdraw on February 8, 2019. During the hearing, the following conversation occurred:

"[DEFENSE COUNSEL]: Yes. And here's the issue here, Your Honor. I told [defendant] I couldn't, in good conscious [*sic*], go forward with the motion that he had filed pro se [*sic*], after reading it and going over it with him. So he said that he would then elect to get a different attorney. And that's why I made a motion to withdraw and that's why he made a motion to ask for appellate counsel himself.

THE COURT: Is this a — what do we call them? "Greer motions"? It —

[DEFENSE COUNSEL]: I'm not sure.

THE COURT: — was your motion to withdraw. It — it wasn't the typical motion where I would see a defense attorney from time to time say he's filed — he's reviewed the file and hasn't determined any valid merit; therefore he's moving to withdraw.

[DEFENSE COUNSEL]: That's the reason. If you — Court wants me to put it that way, I will.

THE COURT: Well —

[DEFENSE COUNSEL]: But that's what it — the problem is. I thought he would be here today and we could tell all that openly to the Court.

4

THE COURT: Okay. Okay.

[DEFENSE COUNSEL]: I expected him to be here today.

THE COURT: Okay. All right. Yeah. Because your motion says the client's substantially failed to fulfill an agreement or obligation as to expenses or fees. And he also refers to it as to lack of a payment issue, instead of a substantive issue.

[DEFENSE COUNSEL]: But — well, that's a reason too, but the real reason is that we're not seeing eye to eye on how we go forward here.

THE COURT: Okay. Well, I'll leave it up to you to file an amendment to that —

[DEFENSE COUNSEL]: Okay.

THE COURT: — motion to withdraw, if you want.

[DEFENSE COUNSEL]: I will."

¶ 12    On February 13, 2019, counsel filed an amended motion to withdraw, adding an allegations pursuant to Rule 1.16(b)(4) and Rule 1.16(b)(5) of the Illinois Rules of Professional Conduct (Ill. R. Prof'l Conduct (2010) R. 1.16(b)(4), (b)(5) (eff. Jan. 1, 2010)) that defendant insisted on taking action that counsel considered repugnant or with which counsel had a fundamental disagreement and that defendant failed to pay his expenses and fees. Counsel did not file a Rule 651(c) certificate.

¶ 13    The trial court conducted a hearing on counsel's amended motion to withdraw on April 5, 2019. Counsel again relayed to the court that he and defendant held differing viewpoints:

"[DEFENSE COUNSEL]:  The current petition was not appropriate —

THE COURT:  Okay

5

[DEFENSE COUNSEL]: — because he did not have the proper affidavits to it, I felt. And that's why I said unless he gets new affidavits, which he had not done, that I couldn't proceed legally forward."

Defendant agreed that counsel had informed him that his petition could not proceed forward and added that there were financial issues as well. Counsel confirmed that he had not been paid. The court observed that counsel had not provided details as to why he wanted to withdraw in his motion. However, the court stated that since counsel had talked to defendant about his decision and defendant confirmed the discussion in court, it would allow counsel's motion to withdraw.

¶ 14     On November 26, 2019, defendant filed a *pro se* response to the State's motion to dismiss. Defendant argued that his petition included newly discovered, material, and non-cumulative evidence that would vindicate or exonerate him.

¶ 15     On January 10, 2020, the trial court held a hearing on the State's motion to dismiss. Following argument, the court granted the State's motion to dismiss, reasoning that the affidavits were inconclusive and did not go far enough to establish actual innocence. Defendant appeals.

¶ 16                                        II. ANALYSIS

¶ 17     On appeal, defendant requests that his case be remanded for further second-stage proceedings due to several procedural errors. First, defendant argues that the court erred in treating retained counsel like appointed counsel for purposes of counsel's withdrawal. Second, defendant argues counsel failed to comply with Rule 651(c). Last, defendant claims the court erred when it failed to appoint new counsel following the withdrawal of retained counsel. We review defendant's claims, which involve purely legal matters, *de novo*. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10.

¶ 18     The Post-Conviction Hearing Act (Act) (725 ILCS 122-1 *et seq.* (West 2020)) offers criminal defendants a mechanism to collaterally attack a final judgment by asserting that, in the proceedings which resulted in his or her conviction, there was a substantial denial of his or her rights under the Constitution of the United States or the State of Illinois or both. 725 ILCS 5/122-1(a)(1) (West 2020); *People v. Clinton*, 2016 IL App (3d) 130737, ¶ 21. The Act sets forth a three-stage process for reviewing postconviction claims. *Clinton*, 2016 IL App (3d) 130737, ¶ 21. At the second stage, the circuit court must determine "whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." *People v. Cotto*, 2016 IL 119006, ¶ 28.

¶ 19     No constitutional right to assistance of counsel during postconviction proceedings exists, rather, the appointment of counsel is a matter of legislative grace. *Id.* ¶ 29. The required assistance at this stage is deemed to be a "reasonable level," which is significantly lower than that mandated at trial by the state and federal constitutions. *People v. Custer*, 2019 IL 123339, ¶ 30. To assure the reasonable assistance required by the Act, Supreme Court Rule 651(c) requires counsel to fulfill specific duties. *People v. Perkins*, 229 Ill. 2d 34, 43 (2007). Under the rule, postconviction counsel is required to certify that he or she has "consulted with petitioner by phone, mail, electronic means or in person," "examined the record" as required to shape the defendant's *pro se* claims, and "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation" of those claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); see also *Custer*, 2019 IL 123339, ¶ 32.

¶ 20     Fulfillment of the obligations under Rule 651(c) does not require that counsel advance frivolous claims on the defendant's behalf. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). An

7

attorney who is convinced that his or her client's claims are meritless is permitted to withdraw if counsel fulfills the duties prescribed by Rule 651(c). *People v. Kuehner*, 2015 IL 117695, ¶ 16.

¶ 21    In moving to withdraw, counsel's obligations differ slightly depending on whether the *pro se* petition advanced to the second stage because (1) the trial court determined that the claims were not frivolous or patently without merit, or (2) no action was taken on the petition within 90 days of its filing, *i.e.*, by default. If the petition advanced because the trial court found potential merit, counsel's motion to withdraw "must contain at least some explanation as to why all of the claims set forth in that petition are so lacking in legal and factual support as to compel his or her withdrawal from the case." *Id.* ¶ 22. If the petition reached the second stage by default, "an attorney moving to withdraw should make some effort to explain why defendant's claims are frivolous or patently without merit." *Greer*, 212 Ill. 2d at 211-12. Regardless of the first-stage procedural posture of the petition, counsel's motion to withdraw should include *some* explanation stating his or her reasons for finding the defendant's claims meritless. See *People v. Moore*, 2018 IL App (2d) 170120, ¶ 38 (citing *People v. Komes*, 2011 IL App (2d) 100014, and noting that "even where the petition advances to the second stage through default, appointed counsel's motion to withdraw must address the potential merits of all claims in the *pro se* petition"); see also *Kuehner*, 2015 IL 117695 ¶ 27 (counsel's motion to withdraw must contain "at least some explanation" as to why the claims are meritless); *Greer*, 212 Ill. 2d at 209 (attorney moving to withdraw "should make some effort" to explain why the defendant's claims are frivolous or patently without merit").

¶ 22                    A. Retained Counsel vs. Appointed Counsel

¶ 23    Turning to defendant's first contention, he alleges that at several junctures the court improperly insisted that defense counsel explain his basis for withdrawing and concluding that

defendant's petition was meritless. The record does not support this claim. Here, the court directed counsel to file a motion to withdraw if he felt the petition did not have merit. After counsel had filed a motion to withdraw, the court noted that he had not included a statement that the petition did not have merit, and the court left it up to counsel as to whether he wanted to file an amended motion to withdraw. The court never *insisted* that counsel provide his reasons for withdrawal as defendant suggests. Even if the court did so, defendant fails to articulate how this was error, much less reversible error.

¶ 24　　　　Defendant argues that the standard developed in *Kuehner* and *Greer*, that counsel should or must recite his or her reasons for withdrawal, only applies to appointed counsel. He claims that "[t]he implicit reasoning behind this rule is that there is a fundamental difference between retained and appointed attorneys." Thus, defendant maintains the court should have allowed retained counsel to withdraw without further inquiry. However, defendant cites to no authority distinguishing retained counsel from appointed counsel for purposes of compliance with *Kuehner* and *Greer*. Further, defendant cites to no authority which instructs that posing these questions constitutes reversible error, and, notably, our research has revealed none. Neither *Kuehner* nor *Greer* distinguishes between retained and appointed counsel for purposes of Rule 651(c) compliance and withdrawal. In fact, our supreme court in *Cotto* held that both appointed and retained counsel must provide a reasonable level of assistance to postconviction defendants at second-stage proceedings, which necessarily includes Rule 651(c) compliance. See *Cotto*, 2016 IL 119006, ¶¶ 31, 42. Overall, we find that the trial court did not err in asking privately retained counsel to address the meritless nature of the petition.

¶ 25　　　　　　　　　　　B. Compliance with Rule 651(c)

¶ 26    Next, defendant argues reversible error occurred because counsel failed to comply with Rule 651(c). Defendant argues that counsel's failure to file a Rule 651(c) certificate and his failure to amend the petition to adequately support defendant's claims demonstrate a lack of compliance with the duties prescribed by the rule.

¶ 27    The primary purpose of Rule 651(c) " 'is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court.' " *Kuehner*, 2015 IL 117695, ¶ 20 (quoting *Perkins*, 229 Ill. 2d at 43-44). For these reasons, counsel is required to consult with the defendant, examine the record, and make any amendments to the petition that are "necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Counsel's compliance with Rule 651(c) is "mandatory" and may be shown by filing a certificate. *Perkins*, 229 Ill. 2d at 50. A certificate pursuant to Rule 651(c) raises a presumption of compliance with its duties. *People v. Smith*, 2016 IL App (4th) 140085, ¶ 33. However, "[i]f counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met." *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008).

¶ 28    Postconviction counsel's noncompliance with Rule 651(c) may not be excused on the basis of harmless error. *People v. Suarez*, 224 Ill. 2d 37, 51-52 (2007); *Russell*, 2016 IL App (3d) 140386, ¶ 12. Where, as here, the petition advanced to the second stage by default, a reviewing court may affirm an order permitting counsel to withdraw only if: (1) counsel complied with Rule 651(c); and (2) the record supports counsel's assessment that the defendant's postconviction claims were frivolous and without merit. See *Greer*, 212 Ill. 2d at 211-12; see also *People v. Moore*, 2018 IL App (2d) 170120, ¶¶ 41-42 (holding that trial court erred in

permitting counsel to withdraw under *Greer* where counsel filed a 651(c) certificate but failed to ascertain and discuss a claim raised in defendant's *pro se* petition). If the record does not explicitly demonstrate counsel's compliance with the rule, we must remand the matter to the trial court for further postconviction proceedings. See *Suarez*, 224 Ill. 2d at 47-49 (noting that our supreme court has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examination of the record, and amendment of the petition, regardless of whether the claims raised in petition had merit); *People v. Carrizoza*, 2018 IL App (3d) 160051, ¶ 21 (remanding cause for second-stage proceedings and the appointment of new postconviction counsel for compliance with Rule 651(c)).

¶ 29     Here, retained postconviction counsel failed to file a certificate of compliance under Rule 651(c). The question we must therefore determine is whether the record explicitly shows that retained counsel fulfilled his duties under the rule. We find that it does not.

¶ 30     Postconviction counsel did not amend the *pro se* petition or file a response to the State's motion to dismiss before filing his motion to withdraw. At the first hearing on the motion, counsel claimed that the petition lacked merit and then simply stated that defendant did not have proper affidavits. Counsel continued by explaining to the court, "[T]hat's why I said unless he gets new affidavits, which he has not done, that I couldn't proceed legally forward." Counsel did not state how he came to that determination, and he incorrectly stated that it was defendant's duty, rather than his, to obtain the proper affidavits. See *People v. Johnson*, 154 Ill. 2d 227, 247-48 (1993) (duties under Rule 651(c) require counsel to make an effort to contact witnesses identified in *pro se* petition and attempt to amend the petition with affidavits from those witnesses). At the subsequent hearing on counsel's amended motion to withdraw, retained counsel informed the court that he told defendant there were no "good grounds to go forward."

11

Again, this conclusory statement does not provide a substantive explanation or justification for counsel's conclusion, nor does it explicitly demonstrate what counsel spoke to defendant about.

¶ 31    As discussed, postconviction counsel is not required to advance frivolous or meritless claims. However, in moving to withdraw, counsel should, at the very least, explain to the trial court why he or she believes the defendant's petition lacks merit and could not be successfully amended. See *Greer*, 212 Ill. 2d at 212 (noting that it is desirable for postconviction counsel requesting leave to withdraw to not only state why but to *elaborate* why counsel believes the claims are without merit); see also *People v. Hayes*, 2016 IL App (3d) 130769, ¶ 15 (defense counsel's explanation of his investigation of relevant caselaw and its applicability to the claims in defendant's petition demonstrated that he fulfilled his duties under Rule 651(c)). Without more, counsel's verbal responses fail to satisfy the amendment requirement of Rule 651(c).

¶ 32    In addition, the record is devoid of any evidence establishing that counsel talked to defendant regarding the specific witnesses and their affidavits, that he reviewed the trial transcript, or that he discussed how the newly discovered evidence might have impacted the jury's verdict as to the charges against defendant. At the hearing on the motion to withdraw, retained counsel merely stated that he had a conversation with defendant and informed him that his petition was inadequate "since he filed it *pro se*." This is hardly the explanation, elaboration, or legal analysis needed to meet the requirements of Rule 651(c) in the absence of a certificate.

¶ 33    We note that, here, retained counsel moved to withdraw pursuant to Illinois Rules of Professional Conduct. See Ill. R. Prof'l Conduct (2010) R. 1.16(b)(4) (eff. Jan. 1, 2010) ("client insists upon taking action that the lawyer considers repugnant"); Ill. R. Prof'l Conduct (2010) R. 1.16(b)(5) (eff. Jan. 1., 2010) ("client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services"). Under those rules, postconviction counsel should be permitted

12

to withdraw in circumstances where legitimate ethical and professional concerns arise. However, in granting postconviction counsel's motion to withdraw, the trial court must be mindful of the mandatory requirements of Rule 651(c). If counsel failed to fulfill his or her obligations under Rule 651(c) and provide a reasonable level of assistance, new counsel should be appointed for further second stage-proceedings. See *Greer*, 212 Ill. 2d at 211-12; *Moore*, 2018 IL App (2d) 170120, ¶¶ 41-42; see also *People v. Jones*, 2016 IL App (3d) 140094, ¶ 28 (statutory right to reasonable assistance cannot be fully realized if postconviction counsel does not adequately complete the duties mandated by Rule 651(c)). Here, counsel's explanation of his investigation into defendant's claims failed to demonstrate that he fulfilled the requirements of Rule 651(c). Because counsel did not file a Rule 651(c) certificate and failed to otherwise demonstrate compliance, the trial court erred in allowing counsel to withdraw without appointing successor counsel. *Cf. Hayes*, 2016 IL App (3d) 130769, ¶¶ 15, 17 (in granting motion to withdraw, trial court did not err in failing to appoint new counsel where counsel's explanation of his investigation into defendant's claims demonstrated that he fulfilled his duties under Rule 651(c)). To be clear, retained postconviction may move to withdraw under the Rules of Professional Conduct, but dismissal at the second stage of postconviction proceedings is inappropriate without appointment of new counsel if, before withdrawing, retained counsel failed to comply with Rule 651(c) and defendant did not receive a reasonable level of assistance from counsel.

¶ 34        In sum, the record does not provide any substantive assurance that retained counsel fulfilled his duties under Rule 651(c). We therefore reverse the trial court's dismissal of defendant's petition and remand for further second-stage proceedings, including the appointment of postconviction counsel for defendant, who shall file a certificate pursuant to rule 651(c) and make any amendments necessary. See *Carrizoza*, 2018 IL App (3d) 160051, ¶ 21 (remanding for

13

further second stage-proceedings and the appointment of new postconviction counsel to file a Rule 651(c) certificate and amend the petition, if necessary). As we remand for compliance with Rule 651(c), we need not address defendant's remaining contention.

¶ 35                                    III. CONCLUSION

¶ 36         The judgment of the circuit court of Peoria County is reversed and remanded with directions.

¶ 37         Reversed and remanded.

¶ 38         JUSTICE BRENNAN, specially concurring:

¶ 39         Respectfully, while I agree with the majority that the trial court's dismissal of defendant's postconviction petition must be reversed so counsel can be appointed to pursue his petition at the second stage, I write separately to emphasize my disagreement with some of its reasoning.

¶ 40         Specifically, I disagree with the majority to the extent it suggests that retained counsel must comply with *Greer or Kuehner* or file a Rule 651(c) certificate before withdrawing pursuant to Illinois Rules of Professional Conduct 1.16(b)(4) or (b)(5). Rule 1.16(b)(4) allows an attorney to withdraw, not because the lawyer believes his client's claims lack merit, but, rather, because "the client insists upon taking action that the lawyer considers repugnant[.]" Ill. R. Prof'l Conduct (2010) R. 1.16(b)(4) (eff. Jan. 1, 2010). Rule 1.16(b)(5) allows an attorney to withdraw where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services[.]" Ill. R. Prof'l Conduct (2010) R. 1.16(b)(5) (eff. Jan. 1, 2010). Neither of these bases for withdrawal implicates the concerns set forth in *Greer* and *Kuehner* or Rule 651(c). To the contrary, allowing retained counsel to withdraw under either of these circumstances excuses the attorney from an ethically problematic representation (unrelated to the petition's merits), after which the trial court, as was requested here, may appoint counsel to

14

represent defendant moving forward. See 725 ILCS 5/122-4 (West 2018) (providing for appointed counsel at second stage where defendant is without means to procure counsel).

¶ 41        For the foregoing reason, I specially concur.