2023 IL App (1st) 221159-U

No. 1-22-1159

Order filed August 24, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 10802 |
| | ) | |
| ADAM HIBBLER, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Carl B. Boyd, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1     *Held*: Postconviction counsel failed to comply with Supreme Court Rule 651(c) and the judgment dismissing defendant's second-stage petition for postconviction relief is reversed. Additionally, upon remand the trial court is ordered to correct defendant's mittimus.

¶ 2     This appeal arises out of the second-stage dismissal of defendant Adam Hibbler's petition for postconviction relief. On appeal, we are presented with two questions: (1) whether appointed

postconviction counsel adequately complied with Supreme Court Rule 651(c) and (2) whether defendant's mittimus should be corrected.

¶ 3 For the reasons that follow, we reverse the judgment of the trial court.[1]

¶ 4 I. BACKGROUND

¶ 5 On June 20, 2019, defendant Adam Hibbler agreed to plead guilty to one count of attempt armed robbery, a Class 1 felony, in exchange for the dismissal of two counts of first degree murder. Prior to accepting the plea, the trial court admonished defendant that the possible sentencing range was 4 to 30 years due to his criminal history.

¶ 6 The State's factual basis maintained that on June 1, 2017, Chicago Heights police officers responded to a shooting at 1902 Revere Street in Chicago Heights, Cook County, Illinois. Defendant gave a statement that he and Hurst were armed with firearms and were attempting to meet a group of men to rob them of other firearms. During the attempted robbery, one of the intended victims shot both defendant and Hurst, who later died from his injuries. The trial court accepted defendant's plea and sentenced him to 18 years in prison. Defendant's mittimus correctly noted his sentence of 18 years, but incorrectly listed the offense as "murder/other forcible felony" and the applicable statute as 720 ILCS 5/9-1(A)(3).

¶ 7 On November 30, 2020, defendant filed a petition for postconviction relief pursuant to 725 ILCS 5/122-1 *et seq*. (the Act) which claimed that he pled guilty to attempt armed robbery, a Class 1 felony, in exchange for a sentence of 18 years, but that his mittimus incorrectly listed his offense as "murder/other forcible felony." Defendant alleged that he was never admonished about

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

extended term sentencing by trial counsel or the trial court, and as a result, he was unable to withdraw his guilty plea. He further claimed that trial counsel did not file any motions to suppress evidence, did not contact any witnesses, and did not try to dismiss his case. He finally claimed that he did not receive an indictment within 30 days of his arrest. On February 26, 2021, the trial court docketed defendant's petition and appointed postconviction counsel (counsel).

¶ 8 The first time counsel appeared in court, he said the case might be one "that we can get rid of short of going through the whole postconviction process." On the next court date on June 11, 2021, counsel told the trial court that he was trying to decide whether he needed to file a "motion to correct the record or a motion to withdraw the guilty plea and it appears now that it's going to be a combination of both." When the trial court pointed out that the time in which to file a motion to withdraw a guilty plea had long since lapsed, counsel asserted he planned to file a supplemental petition "to further the claims to withdraw the guilty plea as opposed to just correcting the record."

¶ 9 On October 8, 2021, counsel informed the trial court that he spoke with defendant, who had raised another issue, and that counsel was investigating. Approximately four months later, counsel filed a Rule 651(c) certificate. The certificate asserted that counsel: (1) consulted with defendant to ascertain his contentions of deprivation of constitutional rights and (2) examined the record, including the common law record, report of proceedings, and any exhibits. Finally, the certificate stated, "I have not made amendments to the petition filed *pro se*, *they are necessary* for an adequate presentation of petitioner's contentions (emphasis added)."

¶ 10 Two days later, the State filed a motion to dismiss defendant's petition. The State agreed that defendant's mittimus should be corrected to reflect that he pled guilty to attempt armed

robbery, but also argued that defendant's allegations regarding plea counsel's ineffectiveness were without merit. Counsel did not file a response to the State's motion.

¶ 11    Defendant was not present on July 22, 2022, when the parties argued the State's motion to dismiss, and counsel waived defendant's appearance. The State reiterated its concession regarding defendant's mittimus, and counsel joined in the argument that defendant's mittimus required correction. Concerning defendant's claims of ineffectiveness, counsel stated:

> "I did consult with Mr. Hibbler, asked for additional information regarding any of his other claims, and he did not provide me with any further information, so I will rest on his *pro se* petition regarding the other claims."

¶ 12    The trial court responded, "The caselaw in the postconviction act are both clear [*sic*], affidavits should be and must be attached from witnesses containing what they would have testified to and their willingness to testify now." The trial court granted the State's motion but agreed to correct the mittimus. The updated mittimus, entered July 22, 2022, correctly stated that defendant received a sentence of 18 years, but incorrectly stated that defendant was convicted of "attempt armed robbery/armed w/fir" and listed the offense as a Class X felony.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant argues that: (1) counsel failed to comply with Rule 651(c) and (2) we should correct defendant's mittimus to reflect that he was convicted of attempt armed robbery, a Class 1 felony.

¶ 15                        A. Compliance with Supreme Court Rule 651(c)

¶ 16    We review the dismissal of a second-stage petition, and issues concerning the interpretation of a supreme court rule, *de novo*, affording no deference to the trial court. *Id*. at ¶ 17.

¶ 17    In postconviction cases, there is no constitutional right to counsel. *People v. Addison*, 2023 IL 127119, ¶ 19. The right is instead supplied by statute, and defendants are only entitled to a "reasonable level of assistance," which is less than that afforded by the federal and state constitutions. *Id*. This difference flows from the fact that postconviction counsel is meant to shape defendants' claims into the proper legal form and present those claims to the court rather than protect defendants from the prosecutorial forces of the State. *Id*.

¶ 18    The Act thus requires that the attorney appointed to represent a defendant consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at trial, and then amend the *pro se* petition to adequately present the defendant's constitutional claims. *People v. Owens*, 139 Ill. 2d 351, 358-59 (1990). The Act cannot serve its purpose unless the attorney appointed to represent an indigent defendant ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court. *Id*. at 359.

¶ 19    To ensure that defendants receive reasonable assistance of counsel, Rule 651(c) provides:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R.651(c) (eff. July 1, 2017); *Addison*, 2023 IL 127119, ¶ 20.

¶ 20    When postconviction counsel does not complete the few duties imposed by Rule 651(c), the limited right to counsel conferred by the Act becomes illusory. *People v. Schlosser*, 2017 IL

App (1st) 150355, ¶ 44. Fulfillment of the obligations supplied by Rule 651(c) does not require that counsel advance frivolous claims on the defendant's behalf. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Rule 651(c) is mandatory, but the filing of a Rule 651(c) certificate creates a rebuttable presumption that counsel provided reasonable assistance. *Addison*, 2023 IL 127119, ¶ 21.

¶ 21    Here, counsel made no amendments to the *pro se* petition and filed a Rule 651(c) certificate that did not satisfy the requirements of the rule. Counsel's Rule 651(c) certificate stated, "I have not made amendments to the petition filed *pro se*, they are necessary for an adequate presentation of petitioner's contentions." This stands in clear opposition to the rule which requires counsel to make any amendments that are necessary to the presentation of a defendant's claims. Ill. S. Ct. R. 651(c). Given this obvious defect, we are not entitled to assume that counsel has complied with the rule. *People v. Coaxum*, 2023 IL App (3d) 200018, ¶ 26. The next consideration is whether the record demonstrates that counsel nevertheless provided reasonable assistance. *Id.* The record before us rebuts any presumption that counsel provided reasonable assistance.

¶ 22    In support of its claim that the record demonstrates counsel's reasonable assistance, the State identifies portions of the report of proceedings in which counsel made statements to the trial court referencing his communication with defendant about the case or about potential issues. But all that does is provide some support for the conclusion that counsel satisfied one of the other requirements of Rule 651(c)—that he consulted with defendant about contentions of constitutional deprivations. Ill. S. Ct. R. 651(c). We fail to see how these statements have any bearing on whether counsel identified necessary amendments and then failed to make them.

¶ 23    The State also insists that counsel's statement during arguments on the motion to dismiss, that he asked defendant for more information, did not receive it, and was standing on the *pro se*

petition, shows that the defect in the 651(c) certificate was nothing more than a typographical error. We likewise cannot understand how this statement has anything to do with whether counsel identified necessary amendments and then neglected to make them.

¶ 24 Furthermore, defendant's *pro se* petition was in obvious need of amendments. First, defendant's claim that his mittimus was incorrect is indisputably not cognizable under the Act. Two types of claims, and only two types of claims, are cognizable under the Act: (1) errors of a constitutional dimension and (2) actual innocence claims. 725 ILCS 5/122-1(a). Nevertheless, counsel did not amend the petition to omit that claim and file a separate motion seeking to correct defendant's mittimus pursuant to Supreme Court Rule 472. Ill. S. Ct. R. 472 (eff. Mar. 1, 2019).

¶ 25 Additionally, defendant's ineffective assistance claim in the *pro se* petition failed to make a substantial showing of a constitutional violation. Defendant claimed that trial counsel failed to attempt to suppress evidence, did not contact witnesses, and did not attempt to dismiss his case, but provided no details or facts to accompany those claims. These are the sort of conclusory allegations that are insufficient to warrant an evidentiary hearing. *People v. Rissley*, 206 Ill. 2d 403, 412 (2003) (all well-pleaded facts in the petition and affidavit are to be taken as true, but nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing under the Act). And finally, defendant's claim that he was not admonished about his extended-term sentencing range is rebutted by the record.

¶ 26 Counsel stood on a *pro se* petition that could not have possibly survived second-stage proceedings. His assertion that amendments were necessary and that he had not made them, typographical error or not, was accurate. We recognize that the issue of whether counsel provides unreasonable assistance when he stands on a *pro se* petition that is frivolous as written and does

not request leave to withdraw is currently pending before our supreme court. *See People v. Huff*, 128492, 197 N.E. 3d 1066 (2022) (petition for leave to appeal allowed). However, we need not take a position on that issue here because counsel filed a Rule 651(c) certificate that was defective. Even if we assume that the defect was a typographical error and that a rebuttable presumption of reasonable assistance was created, the record rebuts that presumption. All defendants are entitled to have postconviction counsel comply with the limited duties of Rule 651(c) before the merits of their petitions are determined. *Addison*, 2023 IL 127119, ¶ 37. That has not occurred in this case.

¶ 27    The State also argues that defendant never specified what amendments counsel should have made. This amounts to a harmless error argument that our supreme court has repeatedly rejected. In 1999, the supreme court rejected a similar harmless error based argument in *People v. Turner*. *People v. Turner*, 187 Ill. 2d 406, 415-16 (1999). The State argued the merits of the defendant's petition again nearly a decade later in *People v. Suarez*, which our supreme court rejected. *People v. Suarez*, 224 Ill. 2d 37, 51 (2007). The State then resurrected this merits-based argument in *Addison*, and our supreme court yet again buried it. *Addison*, 2023 IL 127119, ¶¶ 33-34.

¶ 28    We are precluded from considering the merits of defendant's underlying petition when counsel does not comply with Rule 651(c). *Addison*, 2023 IL 127119, ¶ 33. Doing so would require us to speculate as to whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c). *Turner*, 187 Ill. 2d at 416. It would also be improper to determine the merits of defendant's claims when counsel did nothing to shape defendant's claims into the appropriate legal form. *Id.* at 416-17. Doing so would render the appointment of counsel in postconviction proceedings "an empty formality." *Id.* at 417; *see also Suarez*, 224 Ill. 2d at 51-52 ("Our Rule 651(c) analysis has been driven, not by

whether a particular defendant's claim is potentially meritorious, but by the conviction that where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized").

¶ 29    Accordingly, because counsel's Rule 651(c) certificate was defective, failing to create a presumption of reasonable assistance, and the record does not display otherwise, we hold that defendant did not receive the reasonable assistance of counsel and his case should be remanded to the trial court for further second-stage proceedings.

¶ 30                              B. Correction of Defendant's Mittimus

¶ 31    Defendant additionally asks this Court to order the correction of his mittimus. Defendant's first mittimus listed the correct sentence of 18 years in prison, but incorrectly listed the offense of which he was convicted as first degree murder. At the same time defendant's petition was dismissed, the trial court issued a corrected mittimus which maintained the correct sentence, but incorrectly stated that defendant was convicted of the Class X offense of armed robbery while armed with a firearm. The transcript of defendant's plea is abundantly clear that he agreed to plead guilty to one count of attempt armed robbery rather than armed robbery. There can be no dispute that defendant's first mittimus was incorrect, and the subsequent correction remains incorrect. Defendant's mittimus, as reflected in the transcript of his plea proceedings, should state that he was convicted of the Class 1 offense of attempt armed robbery, for which he received an extended-term sentence of 18 years. The State agrees that defendant's mittimus should be corrected.

¶ 32    Supreme Court Rule 472 provides that the trial court retains jurisdiction to correct clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court. Ill. S. Ct. R. 472(a)(4) (eff. Mar. 1, 2019). The

issue of whether a mittimus should be corrected is a purely legal issue to which we apply a *de novo* standard of review. *People v. Harris*, 2012 IL App (1st) 092251, ¶ 34. Ordinarily, a defendant must file a motion in the trial court to allow the trial court the opportunity to correct the error. *People v. Edwards*, 2020 IL App (1st) 170843, ¶ 27. If a defendant does not raise a Rule 472 claim in the trial court, the appellate court lacks jurisdiction to hear it. *Id.*

¶ 33 Here, although no motion was filed in the trial court raising this issue, the trial court was undeniably made aware of this problem and attempted to correct the mistake, albeit unsuccessfully. In the interest of judicial economy, it would seem superfluous to require counsel to file a motion to solve a problem the trial court already endeavored to solve and about which the parties agree. Moreover, Supreme Court Rule 615(b) empowers this Court to "reverse, affirm, or modify the judgment or order from which the appeal is taken." Ill. S. Ct. R. 615(b)(1).

¶ 34 Thus, upon remand, defendant's mittimus should be amended to reflect that he pled guilty to one count of attempt armed robbery, a Class 1 offense pursuant to 720 ILCS 5/8-4 and 720 ILCS 5/18-2, and that he received an extended sentence of 18 years in prison.

¶ 35                                    III. CONCLUSION

¶ 36 For the foregoing reasons, we reverse the judgment of the circuit court and remand for further second-stage proceedings.

¶ 37 Reversed and remanded; mittimus corrected.