2023 IL App (1st) 221159-U

No. 1-22-1159

Order filed October 11, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 10802 |
| | ) | |
| ADAM HIBBLER, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Carl B. Boyd, |
| | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court is ordered to correct defendant's mittimus to accurately reflect that defendant was convicted of one count of attempt armed robbery, a Class 1 offense, and that he received an extended term sentence of 18 years in prison.

¶ 2    On August 24, 2023, in an order filed pursuant to Supreme Court Rule 23, we reversed the trial court's dismissal of defendant Adam Hibbler's second-stage petition for postconviction relief because postconviction counsel (counsel) failed to provide reasonable assistance and remanded

for further second-stage proceedings. This holding was based in part on a Rule 651(c) certificate which stated, "I have not made amendments to the petition filed *pro se*, *they are necessary* for an adequate presentation of petitioner's contentions (emphasis added)." At defendant's request, we also ordered the correction of defendant's mittimus.

¶ 3    On September 12, 2023, by way of a petition for rehearing, defendant alerted this Court to the existence of a subsequent Rule 651(c) certificate, filed the same day as the original but not contained in the record on appeal, which said, "I have not made amendments to the petition filed *pro se*, they are not necessary for an adequate presentation of petitioner's contentions." We allowed the record on appeal to be supplemented with that certificate. In his petition, defendant sought leave to file supplemental briefing or, alternatively, leave to withdraw his claim that he did not receive the reasonable assistance of counsel. We invited the State to file an answer, which it did on September 29, 2023. On October 10, 2023, we denied defendant's petition for rehearing and withdrew our prior Rule 23 order. Having granted defendant's request to withdraw his reasonable assistance claim, we now address the only remaining question of whether defendant's mittimus should be corrected.

¶ 4    For the reasons that follow, we affirm the judgment of the trial court, but order the correction of defendant's mittimus.[1]

¶ 5                                I. BACKGROUND

¶ 6    On June 20, 2019, defendant agreed to plead guilty to one count of attempt armed robbery, a Class 1 felony, in exchange for the dismissal of two counts of first degree murder. Prior to

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

accepting the plea, the trial court admonished defendant that the possible sentencing range was 4 to 30 years due to his criminal history.

¶ 7　The State's factual basis maintained that on June 1, 2017, Chicago Heights police officers responded to a shooting at 1902 Revere Street in Chicago Heights, Cook County, Illinois. Defendant gave a statement that he and Hurst were armed with firearms and were attempting to meet a group of men to rob them of other firearms. During the attempted robbery, one of the intended victims shot both defendant and Hurst, who later died from his injuries. The trial court accepted defendant's plea and sentenced him to an extended term of 18 years in prison. Defendant's mittimus correctly stated his sentence of 18 years, but incorrectly listed the offense as "murder/other forcible felony" and the applicable statute as 720 ILCS 5/9-1(A)(3).

¶ 8　On November 30, 2020, defendant filed a petition for postconviction relief pursuant to 725 ILCS 5/122-1 *et seq.*, which claimed that he pled guilty to attempt armed robbery, a Class 1 felony, in exchange for a sentence of 18 years, but that his mittimus incorrectly listed his offense as "murder/other forcible felony." Defendant alleged that he was never admonished about extended term sentencing by trial counsel or the trial court, and as a result, he was unable to withdraw his guilty plea. He further claimed that trial counsel did not file any motions to suppress evidence, did not contact any witnesses, and did not try to dismiss his case. He finally claimed that he did not receive an indictment within 30 days of his arrest.

¶ 9　The State agreed that defendant's mittimus should be corrected to reflect that he pled guilty to attempt armed robbery. On July 22, 2022, the trial court dismissed defendant's petition, but agreed to enter a modified mittimus. The updated mittimus, entered the same day, correctly stated

that defendant received a sentence of 18 years, but incorrectly stated that defendant was convicted of "attempt armed robbery/armed w/fir" and listed the offense as a Class X felony.

¶ 10                                II. ANALYSIS

¶ 11    The transcript of defendant's plea is abundantly clear that he agreed to plead guilty to one count of attempt armed robbery rather than armed robbery. There can be no dispute that the first mittimus that stated defendant was convicted of murder was incorrect. Likewise, the subsequent mittimus entered July 22, 2022, remains incorrect. Defendant's mittimus, as reflected in the transcript of his plea proceedings, should state that he was convicted of the Class 1 offense of attempt armed robbery, for which he received an extended-term sentence of 18 years. The State agrees that defendant's mittimus should be corrected.

¶ 12    Supreme Court Rule 472 provides that the trial court retains jurisdiction to correct clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court. Ill. S. Ct. R. 472(a)(4) (eff. Mar. 1, 2019). The issue of whether a mittimus should be corrected is a purely legal issue to which we apply a *de novo* standard of review. *People v. Harris*, 2012 IL App (1st) 092251, ¶ 34. Ordinarily, a defendant must file a motion in the trial court to allow the trial court the opportunity to correct the error. *People v. Edwards*, 2020 IL App (1st) 170843, ¶ 27. If a defendant does not raise a Rule 472 claim in the trial court, the appellate court lacks jurisdiction to hear it. *Id.*

¶ 13    Here, although no motion was filed in the trial court raising this issue, the trial court was undeniably made aware of this problem by way of the claim in defendant's postconviction petition and attempted to correct the mistake, albeit unsuccessfully. In the interest of judicial economy, it would be superfluous to require counsel to file a motion to solve an issue that trial court endeavored

to solve, and about which the parties agree. Moreover, Supreme Court Rule 615(b) empowers this Court to "reverse, affirm, or modify the judgment or order from which the appeal is taken." Ill. S. Ct. R. 615(b)(1).

¶ 14    Thus, defendant's mittimus should be amended to reflect that he pled guilty to one count of attempt armed robbery, a Class 1 offense pursuant to 720 ILCS 5/8-4 and 720 ILCS 5/18-2, and that he received an extended sentence of 18 years in prison.

¶ 15                                      III. CONCLUSION

¶ 16    The trial court's judgment dismissing defendant's second-stage petition for postconviction relief is affirmed, but we order the correction of his mittimus.

¶ 17    Affirmed; mittimus corrected.