NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 240138-U

NO. 4-24-0138

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 13, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| STEVEN KENNETH LONDON, | ) | No. 10CF81 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Vancil and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court erred in granting postconviction counsel's motion to withdraw where counsel failed to provide any explanation as to why each of the claims in defendant's postconviction petition were frivolous or patently without merit.

¶ 2   Defendant, Steven Kenneth London, was convicted of aggravated criminal sexual assault and criminal sexual assault and sentenced to 30 years' imprisonment. Defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Within 90 days of the filing, the trial court appointed counsel to represent defendant. Appointed counsel subsequently filed a motion for leave to withdraw on the basis that the claims raised in the petition lacked arguable merit. The court allowed counsel to withdraw and ultimately granted the State's motion to dismiss defendant's petition.

¶ 3   Defendant appeals, arguing the trial court erred in granting appointed counsel's

motion to withdraw because counsel failed to explain why each of the claims in his petition were frivolous or patently without merit, as required by our supreme court's decision in *People v. Kuehner*, 2015 IL 117695. We reverse and remand.

¶ 4                                    I. BACKGROUND

¶ 5         In August 2012, a jury convicted defendant of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2010)) and criminal sexual assault (*id.* § 12-13(a)(1)), and the trial court subsequently sentenced him to 30 years' imprisonment. A summary of this case's procedural history and the evidence presented at defendant's jury trial can be found in the Third District's Rule 23 order affirming defendant's convictions and sentence on direct appeal. See *People v. London*, 2015 IL App (3d) 120912-U.

¶ 6         On April 13, 2016, defendant *pro se* filed a postconviction petition in which he argued (1) he was deprived of his right to represent himself at trial, (2) he was denied a fair trial due to judicial bias, and (3) appellate counsel rendered ineffective assistance. On April 20, 2016, the trial court entered a written order appointing the public defender's office to represent defendant on his petition. Beginning in January 2017, a new judge presided over the proceedings. At a status hearing in January 2017, the court noted the following about the procedural posture of the postconviction proceedings:

> "THE COURT: Now, within 90 days there should have been a dismissal or a docketing of the case and an official order. Really all I see is a couple status dates, one of which, quote, assigns the [public defender's office], so a [public defender] is on the case, so we'll assume we are in the Stage 2 proceedings in this case."

¶ 7         In March 2018, the State filed a motion to dismiss defendant's postconviction

petition. Following numerous continuances, in March 2021, appointed counsel filed a motion for leave to withdraw in which she merely stated she could not continue to represent defendant in good faith because his postconviction claims were "frivolous and without merit." Counsel did not identify any of defendant's claims in her motion, let alone explain why they were frivolous and without merit. At an April 2021 hearing, the trial court granted appointed counsel leave to withdraw without any additional explanation from counsel. Following a hearing on the State's motion to dismiss, the court entered a written order on December 12, 2023, granting the State's motion and dismissing defendant's postconviction petition.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, defendant argues the trial court erred in granting appointed counsel's motion to withdraw because counsel failed to explain why each of the claims in his petition were frivolous or patently without merit, as required by *Kuehner*. The State does not dispute that appointed counsel's motion was deficient. Instead, the State argues that because defendant's petition advanced to the second stage by default and it is clear from the record that the claims raised therein are, in fact, frivolous and patently without merit, remand is unnecessary irrespective of the deficient motion. The issue before us presents a legal question that we review *de novo*. See, *e.g.*, *People v. Coaxum*, 2023 IL App (3d) 200018, ¶ 16.

¶ 11        The Act sets forth a three-stage procedure for criminal defendants to establish "that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009) (citing 725 ILCS 5/122-1 *et seq.* (West 2006)). At the first stage of proceedings, "the trial court independently determines, without input from the State and within 90 days after the filing and

- 3 -

docketing of the petition, whether the petition is frivolous or patently without merit." (Internal quotation marks and brackets omitted.) *People v. Anderson*, 2015 IL App (2d) 140444, ¶ 11. If the court finds the petition has arguable merit, it advances the petition to the second stage of proceedings. *People v. Domagala*, 2013 IL 113688, ¶ 33. "During second-stage proceedings, the court may appoint counsel for an indigent defendant, who may amend the petition as necessary, and the State may file a motion to dismiss or an answer to the petition." *People v. Cotto*, 2016 IL 119006, ¶ 27 (citing 725 ILCS 5/122-4, 122-5 (West 2010)). "The right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by the *** Act." *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Our supreme court has held that the Act guarantees only that defendants receive "reasonable" assistance of postconviction counsel. *Id.*

¶ 12        To ensure defendants receive the reasonable assistance of counsel guaranteed by the Act, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) imposes three duties on appointed postconviction counsel. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Rule 651(c) requires postconviction counsel to certify that he or she (1) "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights," (2) "has examined the record of the proceedings at the trial," and (3) "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). However, "[f]ulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims" because "[i]f amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Thus, if appointed

postconviction counsel determines the petition is frivolous or patently without merit and continuing representation would be unethical, counsel should file a motion to withdraw. *Id.* at 211-12.

¶ 13      The obligations of appointed counsel in moving to withdraw have traditionally varied depending on how the petition advanced to the second stage of proceedings. *People v. Fathauer*, 2019 IL App (4th) 180241, ¶ 43. "If the petition advanced by default—that is, the trial court did not take any action on the petition within 90 days of its filing—counsel 'should make some effort to explain why defendant's claims are frivolous or patently without merit.' " *Id.* (quoting *Greer*, 212 Ill. 2d at 212). If the petition advanced because the court made an affirmative determination it was neither frivolous nor patently without merit, the obligations of appointed counsel are "decidedly higher." *People v. Kuehner*, 2015 IL 117695, ¶ 18. In *Kuehner*, our supreme court articulated the "decidedly higher" obligations as follows:

> "when filing [a motion to withdraw], appointed counsel owes the trial court at least some explanation as to why, despite its superficial virtue, the *pro se* petition is *in fact* frivolous or patently without merit, and counsel owes this explanation with respect to each of the defendant's *pro se* claims. Or to put it another way, if we were willing to say in *Greer* that a motion to withdraw *should* include such explanations when the petition advances to stage two by default, we are now prepared to say that such a motion *must* include such explanations when the petition advances to the second stage by affirmative judicial action." (Emphases in original.) *Id.* ¶ 21.

¶ 14      In *People v. Frey*, 2024 IL 128644, ¶ 28, the supreme court seemingly eliminated the distinctive obligations of counsel based on the manner in which a petition advanced to the

second stage, but the court maintained that "the consequences of filing a defective motion are potentially different" depending on how the petition advanced:

> "*Kuehner* establishes a rule of automatic reversal if the petition has advanced based on a trial court finding that the claims are potentially meritorious but counsel fails to address one of those claims in the motion to withdraw. [Citation.] In a case in which the petition has advanced based on trial court inaction, this court has recognized that, in certain circumstances, reversal is not required. In *Greer*, this court chose not to reverse when it appeared that counsel had fulfilled his duties under Rule 651(c) and the record showed that the petition was frivolous and without merit. [Citation.] In other words, as the appellate court has recognized, *Greer* stands for the proposition that 'judicial economy sometimes dictates affirming the grant of leave to withdraw even where the motion to withdraw is deficient.' " (quoting *People v. Moore*, 2018 IL App (2d) 170120, ¶ 38).

Thus, where a postconviction petition has advanced to the second stage by default, courts of review may affirm a judgment granting a deficient motion to withdraw when judicial economy so requires—*i.e.*, the record shows counsel substantially complied with Rule 651(c) and the petition is, in fact, frivolous and patently without merit. *Id.* However, if the petition advanced to the second stage by affirmative judicial action, reviewing courts are prohibited from affirming the grant of a deficient motion to withdraw because "*Kuehner* establishes a rule of automatic reversal." *Id.*

¶ 15        As noted above, the State does not dispute that counsel's motion to withdraw was deficient but instead asserts, without citation to the record or relevant authority, that defendant's

- 6 -

petition advanced to the second stage by default and not by any affirmative act of the trial court. We disagree with the State's conclusory assertion.

¶ 16    Here, defendant filed his *pro se* petition on April 13, 2016. On April 20, 2016, the trial court entered a written order appointing counsel. A postconviction petition advances by default only where the court fails to take *any* action on the petition within 90 days. See *Greer*, 212 Ill. 2d at 204 (noting that a petition advances by default when "the court fails to take any action on the petition within 90 days of filing"). The court in this case took the affirmative step of appointing counsel within 90 days of filing. "Appointing counsel is all that the Act requires to advance a petition to the second stage, and the trial court need not comment on the potential merit of a defendant's *pro se* claims." *Fathauer*, 2019 IL App (4th) 180241, ¶ 48. Under these circumstances, "we presume that the trial court made an initial determination that defendant's petition stated the gist of a constitutional claim." *Id.* Because the State does not even attempt to rebut the presumption that the court appointed counsel only after finding defendant's petition had potential merit, we reject its argument that the petition advanced by default. Having found that defendant's petition advanced to the second stage by an affirmative act of the trial court, and in light of the obvious deficiencies in appointed counsel's motion to withdraw, we are compelled to reverse the trial court's judgment and remand for further second-stage proceedings. *Frey*, 2024 IL 128644, ¶ 28 ("*Kuehner* establishes a rule of automatic reversal if the petition has advanced based on a trial court finding that the claims are potentially meritorious but counsel fails to address one of those claims in the motion to withdraw.").

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

- 7 -

¶ 19 Reversed and remanded.